**In Re: Appeal of Westover Builders, Inc.**

*Harry F. Dunn*, for petitioner.

*Joseph A. Damico*, Jr., for Rose Tree Media School District.

*Joseph W. Kauffman*, for Township of Upper Providence.

*Peter J. Nolan*, for Board of Assessment Appeals of Delaware County.

338

DeFURIA, *J.*, January 13, 1981—Westover Builders, Inc., has appealed to the Commonwealth Court the order of this court sustaining the preliminary objection of respondents. Hence this opinion.

## HISTORY OF THE CASE

Westover Builders, Inc., through its attorney, Harry F. Dunn, Jr., Esq., petitioned the Court of Common Pleas of Delaware County, Pa. for the right to appeal the tax assessment made by the Board of Assessment and Revision of Taxes for the County of Delaware for the taxable year 1980, on the real property known as 1295 North Providence Road, Upper Providence, Delaware County, Pa., being Tax Folio no. 35-1400-02. Said petition alleged the assessment set by the board of assessment did not reflect a true ratio of assessment to fair market value.

The answer filed by Rose Tree Media School District, the Township of Upper Providence and the Board of Assessment Appeals of Delaware County, respondents, not only denied that the assessment of the subject real estate was unreasonable and not in conformity with the established tax ratio, but further denied that the real property in question is owned by or titled of record in the name of Westover Builders, Inc. The real estate in question is owned by and titled in the name of Guntram Weissenberger and Marie Weissenberger, his wife.

Pursuant to the fact that the subject Tax Appeal was initiated on the Petition of Westover Builders, Inc., rather than the actual and record owners of the subject real property, the Weissenbergers, respondents filed preliminary objections in the nature of a motion to strike. Thereupon, respondents alleged that by the terms of the statutory authority creating the right to appeal to the court of common

pleas from the fixed assessment, only the owner of real property may bring such appeal. Therefore, respondents alleged that the instant appeal is defective and must be stricken as a matter of law.

## WHO MAY APPEAL AN ASSESSMENT?

Appeals from assessments of the board in Counties of the Second Class A and Third Class to the court of common pleas are authorized by Act of June 26, 1931, P.L. 1379 §9, 1953, July 29, P.L. 972 §2 (P.S. §5350). By its terms, 72 P.S. §5350 authorizes such appeal only by the limited class of "any dissatisfied taxable."

It is the owner of land whether registered or not who is liable for taxes. Any person who becomes listed as a registered owner brings himself within the statutory liability. The taxing authority need go not further, Fidelity-Philadelphia Trust Co. Trustee v. Land Title Band and Trust Co., 326 Pa. 267 (1937), Baltimore and Ohio Appeal, 405 Pa. 349 175 A. 2d 841, (1961). While the owner of land may contract with third parties to bear the ultimate responsibility for the taxes, the taxing authority looks only to ownership when taxing. Therefore, when attempting to construe the meaning of taxable within the above taxing statute, one must be limited to the concept of ownership, actual or registered.

Case law has addressed itself to the very issue of whether an appeal to the court of common pleas may be allowed by a person who is not a "dissatisfied taxable," despite a monetary interest in such party appellant. The case of Hillbrook, Inc. v. Board for Assessment and Revision of Taxes, 98 Montgomery 245 (1968) held that the lessee, under a 50 year lease with two ten year options who under the terms of the lease was responsible for all real

estate taxes, was not a dissatisfied taxable entitled to appeal the assessment pursuant to the authority of 72 P.S. §5350. The court noted that despite the terms of the lease, Montgomery County would look to the owner of the land for payment of the tax. If the contract failed, it would be the owner's land which would be sold: Hillbrook, Inc. v. Board for Assessment and Revision of Taxes, supra, at 250.

Similarly, the Court of Common Pleas of Franklin County interpreted the term "aggrieved owner," who is entitled to appeal a tax assessment to the court of common pleas under the General County Assessment Code 72 P.S. §5020-518.1, to limit such right of appeal to the owners of the property, despite a lease giving the lessee the ultimate burden of real estate taxes: Appeal of Goldberg, 3 Adams 60 (1961).

In Robinson v. Board for the Assessment and Revision of Taxes, 93 Montgomery 308 (1960), the Court of Common Pleas of Montgomery County, while dismissing a Complaint in Equity seeking to enjoin the Montgomery County Board for the Assessment and Revision of Taxes from raising the assessed valuation of certain properties, construed the words "taxable" in 72 P.S. §5350, and "owner" in 72 P.S. §5020-581.1 as being interchangeable and of identical intent.

The statute in question, 72 P.S. §5350, limits the right to appeal by its terms to "dissatisfied taxables." No appeal to common pleas court exists from a tax assessment absent statutory creation, in re Seidle, 143 Pa. Superior Ct. 539 18 A. 2d 524, (1941). If the legislature which created the right to appeal wished to grant it to a broader class, it could have done so by its terms.

The statute in question should be strictly construed and shall serve as the exclusive method for

challenging tax assessments. It has been held that a mistake is not an excuse for deviating from the mandated requirements, Appeal of Cedarbrook Realty, Inc., _____ Commonwealth Ct. _____ _____, 395 A. 2d 216 (1978).

## MAY THE APPEAL BE AMENDED?

The right to appeal to the court of common pleas from a tax assessment is a right created by statute not existing at common law, in re Seidle, 143 Pa. Superior Ct. 539 18 A. 2d 524, (1941). The statute creating the right to appeal in the instant case, is 72 P.S. §5350. However, 42 Pa.C.S.A. §5571b sets a finite limit of 630 days on that right to appeal.

Normally, a party may correct the name of a party to an action as a matter of course. However, the right to correct the name of the party "cannot be used as a device for adding a new party to the action under the guise of correcting the name," Goodrich-Amram 2d §1033.3. A plaintiff corporation may not amend its complaint subsequent to the expiration of the statute of limitations to name an individual as plaintiff in the action, John M. Rouse, Incorporated v. George W. Myers Co. Inc. 56 D. & C. 2d (1971).

The time limit set by 42 Pa.C.S.A. §5571b on the right to appeal a tax assessment to the court of common pleas acts as a statute of limitations in that both it and a statute of limitations set a date which is the last day on which an initial pleading may be filed in a cause of action.

In the instant case, the 30 day appeal period has long passed. Westover Builders, Inc. should not be allowed to substitute individuals Guntram and Eva Marie Weissenberger as party petitioners. To allow such substitution would be to ignore the time limit set by 42 Pa.C.S.A. §5571b and thus ignore the

policy set forth in John M. Rouse, Inc. v. George W. Myers Co., Inc. supra.

Wherefore, the preliminary objections of respondents were sustained.